Opinion issued
June 24, 2010.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-08-00996-CV

———————————

Rene Van Zanten, Westhoff Ranch, LP, and Cookin’ with
Gas, LP,
Appellants

V.

Energy Transfer
Partners, L.P., Energy Transfer Company a/k/a La Grange Acquisition, LP, ETC
Marketing, Ltd., Houston Pipe Line Company, L.P., Energy Transfer Partners GP,
L.P., Energy Transfer Partners LLC, LA PG, LLC, LGM, LLC, and HPL GP, LLC, Appellees



 



 

On Appeal from the 333rd
District Court 

Harris County, Texas



Trial
Court Case No. 2008-24832

 



 

 

 

 

 

O P
I N I O N

 

          This
appeal concerns plaintiffs who seek to compel arbitration with defendants
pursuant to an arbitration agreement between the defendants and a company that markets
and sells the plaintiffs’ product to the defendants.  The plaintiffs are appellants, Rene van
Zanten, Westhoff Ranch, LP, and Cookin’ with Gas, LP (collectively, “the Owners”).  The Owners contend the trial court erred by
refusing to compel arbitration of their claims filed against the defendants,
appellees, Energy Transfer Partners, L.P., Energy Transfer Company a/k/a La
Grange Acquisition, LP, ETC Marketing, Ltd., Houston Pipe Line Company, L.P.,
Energy Transfer Partners GP, L.P., Energy Transfer Partners LLC, LA PG, LLC, LGM,
LLC, and HPL GP, LLC (collectively, “the Energy Companies”).  In their sole issue, the Owners contend the
trial court erred by rendering judgment staying the arbitration because under Texas
law the direct benefits estoppel doctrine allows non-signatories to an
arbitration agreement to compel arbitration.  We conclude that the direct benefits estoppel
doctrine is not a proper basis to allow the plaintiff Owners to compel
arbitration based on an arbitration agreement to which they are not
signatories.  We affirm.

Background

          The Energy Companies are in
the natural gas marketing and transportation business. Roughly fifteen percent
of all natural gas produced in the United States flows through their gas
gathering and transportation pipelines.  Houston
Pipe Line is a major purchaser of natural gas in the Gulf Coast, South Texas,
and East Texas areas.

The Owners include an individual royalty owner who
resides in Travis County, Texas, and working interests owners in oil and gas
properties located in Jackson County, Texas. 
The Jackson County Owners are
signatories to an operating agreement with Encon Services, Inc. (“Encon”); the
agreement provides that Encon will sell and market their gas.     

Encon has a gas purchase agreement with Houston Pipe
Line.  Pursuant to this agreement, Encon
sold the Owners’ gas to Houston Pipe Line.  In this agreement, Encon represents that it
acts as an agent for itself and “all other interest owners.”  The agreement between Encon and Houston Pipe
Line also contains an arbitration clause that provides that “. . . all claims,
demands, causes of action, disputes, and other matters arising out of or
relating hereto, whether sounding in contract, tort or otherwise shall be
resolved by binding arbitration pursuant to the Federal Arbitration Act.”

          The
Owners alleged
that the Energy Companies, individually and collectively, engaged in an intentional
scheme to manipulate the Houston Ship Channel natural gas price index.  In July 2007, the Federal Energy Regulatory
Commission issued a show cause order as to why the Commission should not find
that the Energy Companies manipulated wholesale natural gas markets at the
Houston Ship Channel.  Based on this
alleged misconduct, the Owners filed a Class Action Arbitration Complaint with
the American Arbitration Association.  The
Energy Companies filed an application to stay the arbitration proceeding in district
court.  The Owners moved for summary
judgment on the basis that they were, as a matter of law, entitled to arbitrate
their claims.  The Energy Companies filed
a response and cross-motion for summary judgment, asserting that, because the
Owners were not signatories to Encon’s contract with Houston Pipe Line, the
Owners were not entitled to compel arbitration.  After both sides filed responses, the trial court
denied the Owners’s summary judgment motion and granted the Energy Companies motion,
rendering final judgment staying arbitration.

Direct Benefits Estoppel

          Although
the parties agree that the theory of “direct benefits estoppel” precludes a defendant from
claiming the benefits of a contract while simultaneously attempting to avoid
the burdens that contract imposes, the Owners contend we should extend that
concept to include the opposite situation. 
The Owners assert the estoppel theory should be extended to enable a
plaintiff who claims to have received direct benefits from a contract containing
an arbitration clause, to which the plaintiff is not a signatory, to compel
arbitration of claims arising from that contract against a defendant who is a
signatory to the agreement.  

          A.      Applicable Law

          When the facts are undisputed, as
here, a summary judgment presents a question of law that we review de
novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Huffhines v. State Farm Lloyds, 167 S.W.3d 493, 496 (Tex. App.—Houston
[14th Dist.] 2005, no pet.).  

          The
parties agree that the Federal Arbitration Act (FAA)[1] applies to this case.  To determine whether an arbitration agreement
under the FAA is binding on a non-signatory, Texas courts apply Texas
procedural rules.  In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex. 2005); see also Arthur Andersen LLP v.
Carlisle, 129 S. Ct. 1896, 1902 (2009) (stating that state contract law
governs ability of non-signatories to enforce arbitration provisions).  “Generally,
only signatories to an arbitration agreement are bound by the agreement.”  In re James E. Bashaw
& Co.,
305 S.W.3d 44, 54 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding)
(citing Brown v. Pac. Life Ins. Co.,
462 F.3d 384, 398 (5th Cir. 2006)).  However,
“[a] person who has agreed to arbitrate disputes with one party may in some
cases be required to arbitrate related disputes with others.”  Id.
(quoting Meyer v. WMCO-GP, LLC, 211
S.W.3d 302, 304 (Tex. 2006)).  “Estoppel
is one of five or six instances in which the federal circuit courts require
arbitration with nonsignatories.”  In re Merrill Lynch Trust Co., 235
S.W.3d 185, 191 (Tex. 2007) (citing cases from the First, Second, Third, Fourth,
Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits).  

          As
stated by the Fifth Circuit, “[I]n certain limited instances, pursuant to an
equitable estoppel doctrine, a
non-signatory-to-an-arbitration-agreement-defendant can nevertheless compel
arbitration against a signatory-plaintiff.”[2]  Grigson
v. Creative Artists Agency, L.L.C., 210 F.3d 524, 526 (5th Cir. 2000); see also Wash. Mut. Fin. Group, LLC
v. Bailey, 364 F.3d 260, 267 (5th Cir. 2004) (stating that equitable
estoppel “precludes a party from claiming the benefits of a contract while
simultaneously attempting to avoid the burdens that contract imposes”).  The
Texas supreme court, relying on federal cases such as Grigson, has stated the theory similarly.  In Meyer
v. WMCO-GP, LLC, the supreme court stated the rule as follows, “We have
held that a person who seeks by his claim ‘to derive a direct benefit from the
contract containing the arbitration provision’ may be equitably estopped from
refusing arbitration.”  211 S.W.3d 302,
305 (Tex. 2006).  The supreme court has
also stated, “[A] non[-signatory] may be compelled to arbitrate if it
deliberately seeks and obtains substantial benefits from the contract
itself.”  In re Weekley Homes, 180 S.W.3d at 132. 




 

          B.      Analysis

          Here,
the fact pattern does not fit the description of the estoppel theory in Grigson. 
See Grigson, 210 F.3d at 526.  The defendants, the Energy Companies, are the
signatories, not the non-signatories. 
The plaintiffs, the Owners, are the non-signatories.  In other words, in this case there is no “non-signatory-to-an-arbitration-agreement-defendant”
and no “signatory-plaintiff.”  See id.  Moreover, as stated in Washington Mutual, the Energy Companies are not “claiming the benefits of a
contract while simultaneously attempting to avoid the burdens that contract
imposes.”  364 F.3d at 267.  Under
the estoppel theory set forth in Grigson,
therefore, the Owners may not compel arbitration.  See
Grigson, 210 F.3d at 526.

          This
case is also distinguishable from the Texas supreme court cases applying direct
benefits estoppel.  In Meyer, the party “seek[ing] by his claim
‘to derive a direct benefit from the contract containing the arbitration
provision’” is the party who may be estopped. 
211 S.W.3d at 305.  Here, it is the
Owners who are seeking the benefit of a contract to which they are
non-signatories, and they are attempting to offensively invoke the contract’s
arbitration clause against a signatory. 
They are not seeking to “estop” the Energy Companies from anything in
the sense that the Energy Companies do not seek to enforce one provision yet
evade another with respect to a non-signatory. 
Likewise, in In re Weekley Homes,
the non-signatory was compelled to arbitrate by seeking benefits under the
contract.  180 S.W.3d at 132.  Here, the non-signatories are not being
compelled to arbitration, but are seeking to compel arbitration.  We conclude, therefore, that the Owners may
not rely on the theory of direct benefits estoppel to compel arbitration under
the facts of this case.  See Meyer, 211 S.W.3d at 305; In re Weekley Homes, 180 S.W.3d at 132; see also In re Kellogg, Brown & Root,
Inc., 166 S.W.3d 732, 739–40 (Tex. 2005) (stating that under “direct
benefits estoppel, a non-signatory plaintiff seeking the benefits of a contract
is estopped from simultaneously attempting to avoid the contract’s burdens,
such as the obligation to arbitrate disputes”). 


          The Owners
acknowledge that the facts of this case do not fit within the facts of other
cases applying direct benefits estoppel. 
They assert, instead, that estoppel is “an evolving doctrine” and that
there is no authority holding that estoppel “is strictly confined to one set of
facts or circumstances.”  Estoppel is an
equitable doctrine and does depend on the facts of each case.  See In
re Weekley Homes, 180 S.W.3d at 134–35. 
However, situations in which estoppel applies all have one fact in common:
the party to be estopped must have engaged in some conduct on which the other
party relied.  See, e.g., Ulico Cas. Co. v.
Allied Pilots Ass’n, 262 S.W.3d 773, 778 (Tex. 2008) (“Estoppel, on the
other hand, generally prevents one party from misleading another to the other’s
detriment or to the misleading party’s own benefit.”); see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 515–16 (Tex. 1998) (“[T]he doctrine of equitable estoppel
requires: (1) a false representation or concealment of material facts; (2) made
with knowledge, actual or constructive, of those facts; (3) with the intention
that it should be acted on; (4) to a party without knowledge or means of
obtaining knowledge of the facts; (5) who detrimentally relies on the
representations.”); Inimitable Group,
L.P. v. Westwood Group Development II, Ltd., 264 S.W.3d 892, 902 (Tex.
App.—Fort Worth 2008, no pet.) (“Estoppel is defined in general as conduct
which causes the other party to materially alter his position in reliance on
that conduct.”).   

          In
this case, the Owners have not identified any conduct of the Energy Companies on
which the Owners relied in deciding to file their claims in arbitration rather
than in court.  Absent some conduct on
the part of the Energy Companies that can form the basis of an estoppel, the Owners
cannot prevail on this theory.  See Ulico Cas. Co, 262 S.W.3d at 778; Johnson & Higgins of Tex., Inc., 962
S.W.2d at 515–16; see also Inimitable
Group, L.P., 264 S.W.3d at 902 (“One of the essential requisites of
estoppel is a reasonable or justified reliance on the conduct or statements of
the person sought to be estopped by the person seeking the benefit of the
doctrine.”); see also In re Trammell,
246 S.W.3d 815, 826 (Tex. App.—Dallas 2008, orig. proceeding) (noting detrimental
reliance is element of estoppel and nothing in record showed non-signatory
relied on arbitration clause he was seeking to enforce).

Agent

In their brief to this
Court, the Owners also assert that they may compel arbitration because Encon
was acting as their agent when it entered the contract containing the
arbitration clause with Houston Pipe Line. 
We have reviewed the Owners’ motion for summary judgment, and Encon’s
status as the Owners’ agent is not asserted in the motion as a ground for
summary judgment.  Because this ground
for summary judgment was not raised in writing to the trial court, it may not serve as a basis
to reverse the trial court’s judgment.  See Tex. R. Civ. P.  166a(c) (“Issues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.”); McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 341 (Tex. 1993) (summary judgment motion “must stand or fall on
the grounds expressly presented in the motion”).




 

Conclusion

          We overrule
the sole issue and affirm the judgment of the trial court.

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices Jennings, Alcala, and Massengale.











[1]          9
U.S.C.S §§ 1–16 (LexisNexis 2008).

 





[2]           The Fifth
Circuit refers to this estoppel theory as “equitable estoppel,” while the Texas
supreme court has referred to its theory as “direct benefits estoppel.”